IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD SMITH, # N-83733, )
a/k/a SHAHID MONTANA, JR., )
 )
    Plaintiff, )
 )
vs. ) CIVIL NO. 13-cv-62-MJR
 )
SANDRA FUNK, BESSIE SPILLER, )
LATONYA OWNES, )
COUNSELOR LANCE, )
and DAVID REDNOUR, )
 )
    Defendants. )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. This case was filed on January 18, 2013. Plaintiff is serving two 13-year sentences for robbery convictions. His claims arose while he was confined in Menard Correctional Center ("Menard").

    The substantive allegations in Plaintiff's complaint are as follows:

> Every one of my Defendants conspire [sic] against me and conspiracy they all took part. . . . I was at my best behavior at Menard throughout my everyday pain I treated staff medical employees with great respect and dignity and I was lied to about getting a transfer. By me coming back to the I.D.O.C. and Menard [illegible] my Defendants retaliated against me!

(Doc. 1, p. 5). As Defendants, he names Sandra Funk (IDOC Transfer Coordinator), Bessie Spiller (Menard Clinical Service Supervisor), Latonya Ownes (Menard Correctional Counselor), Mr. Lance (Counselor), and David Rednour (former Program Warden).

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold

review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

In the prison context, where an inmate is alleging retaliation, the inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The Plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). The inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

In the case at bar, the complaint never identifies any protected activity by the Plaintiff that could have been the reason for the alleged retaliatory action. Instead, he asserts that he was on his best behavior at Menard, implying that there was no reason for the Defendants to take any undesirable action against him (he does not indicate whether he wanted to obtain or avoid a transfer). His claim rests only on the bald assertion that the Defendants "retaliated" against him by lying to him about getting a transfer (Doc.1, p. 5). Without any indication that Plaintiff engaged in some protected activity before Defendants' adverse action, Plaintiff cannot sustain a constitutional claim of retaliation.

Likewise, Plaintiff's bare allegation that Defendants "conspired" against him fails to state a claim. While a conspiracy claim may be cognizable under § 1983 where it resulted in

the violation of an inmate's civil rights, *see Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002), the complaint in this case does not indicate that any constitutional violation occurred. Conspiracy is not an independent basis of liability in §1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000); *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution.").

Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff's claims for retaliation and conspiracy rest on just such conclusory statements. Even giving liberal construction to the complaint, s*ee Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009), Plaintiff's factual allegations are insufficient to state a claim, either for retaliation or conspiracy.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

The Court notes that Plaintiff has already had three other cases dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Because Plaintiff has "struck out" under § 1915(g), he may not bring another action in federal court, so long as he remains a prisoner, unless he pays the full filing fee in advance. Alternatively, if Plaintiff brings

---

[1] *Smith v. Godinez*, No. 12-cv-837-GPM (S.D. Ill., filed July 24, 2012) (strike 1, dismissed Sept. 12, 2012, for failure to state a claim upon which relief may be granted); *Smith v. Behm*, No. 12-cv-7474 (N.D. Ill., filed Sept. 18, 2012) (strike 2, dismissed Oct. 2, 2012, as frivolous); *Smith v. Bakalis*, No. 13-cv-390 (N.D. Ill., filed Jan. 17, 2013) (strike 3, dismissed Jan. 22, 2013 for failure to state a claim).

a new action in which he can demonstrate that he is in imminent danger of serious physical injury, he may be permitted to proceed without full pre-payment of the fee.  *Id.*  Further, Plaintiff is **ADVISED** that if he should bring any new action and fail to disclose his litigation history to the Court, that action shall be subject to immediate dismissal.  *See Hoskins v. Dart*, 633 F.3d 541, 543 (7th Cir. 2011); *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: February 8, 2013**

  s/ MICHAEL J. REAGAN
United States District Judge